HUMBLE OIL & REFINING COMPANY,
Appellant,

v.

Myrtle WILSON et al., Appellees.

No. 3722.

Court of Civil Appeals of Texas.

Waco.

Sept. 22, 1960.

Rehearing Denied Nov. 10, 1960.

Frank L. Heard, Jr., Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Newton Gresham, Roland A. Baker, Leonard Z. Finger, McGregor, Sewell & Junell, Houston, for appellees.

WILSON, Justice.

Appellant engaged Knobloch & Company to perform work on a flare stack at its refinery. Wilson, an employee of the contractor, was killed while engaged in welding work atop the stack. His beneficiaries sued Humble, alleging the latter's negligence caused the death. Humble, alleging negligence, impleaded the contractor, from whom it claimed indemnity under provisions of the written contract for the work.

The jury found deceased was not negligent, and that negligence of both Humble and the contractor proximately caused the death. Judgment was rendered for appellees against appellant. Recovery by appel-

lant against Knobloch, the contractor, was denied.

The sole question presented as between appellant and the contractor is whether the following agreement by Knobloch entitles Humble to indemnity against him, since the jury has found concurrent negligence of indemnitor and indemnitee:

"Contractor further agrees to protect, indemnify and save Humble harmless from and against all claims, demands and causes of action of every kind and character arising in favor of contractor's employees * * * or third parties on account of * * * death * * * in any way resulting from the wilful or negligent acts or omissions of Contractor's agents, employees, representatives or subcontractors."

Although not involving analogous provisions; or, in our opinion, solving the present problem, the cases of Mitchell's, Inc. v. Friedman, 157 Tex. 424, 303 S.W.2d 775, 779, and James Stewart & Co. v. Mobley, Tex.Civ.App., 282 S.W.2d 290, writ ref., give clear answers to several incidental questions as to which the parties agree: (1) Strictissimi juris is not to be used in determining intention; it is determined by general construction rules in which neither party is favored simply because the contract is one of indemnity. (2) If the contract is exculpatory of liability for loss resulting from concurrent negligence, it is not against public policy. [157 Tex. 424, 303 S.W.2d 779.] (3) "It is not necessary, for the parties to say in so many words that they intend to protect the indemnitee against liability for negligence," although the obligation must fall within the express terms of the indemnity agreement. We do not regard the language in the Friedman case concerning concurrent negligence of another tenant as implying an answer to the problem.

■ Where the indemnity is from loss resulting from the indemnitor's "negligent acts or omissions," the dominant weight of authority establishes that the agreement does not cover loss where the indemnitee's negligence concurs in causing the injury. 175 A.L.R. 34. Does the presence of the words, "in any way" alter this rule? Whether this language have as its purpose emphasis or modification, we do not believe it may be properly construed as evidencing intent as to comparative or relative responsibility. Neither do we think it relates to extent or degree. We believe the parties meant that the contractor agreed to indemnify if, in any manner; or by any means, method or mode, his negligence caused the loss. We think they meant that the *cause* was to be unrestricted. A simple paraphrase of the language, with its literal meaning unaltered, evidences this: "in any way caused by the negligence of contractor." It is then obvious the additional language modifies the cause, and does not bear any connotation of extent or degree to which the contractor's negligence may have contributed. The added words did not take the agreement out of the general rule. In our opinion the indemnity agreement, under the jury findings, did not entitle appellant to judgment against the contractor.

■ Appellant's position as to plaintiffs is that it owed no duty to deceased. This contention is based on alleged violation of the provisions of the contract between Humble and Wilson's employer which required the contractor to observe refinery safety regulations. Among the latter was one prohibiting "hot work," such as welding, without a written permit and daily authorization from Humble. Appellant says that since Wilson's employer directed him to do such work without obtaining a permit, deceased was not an invitee, because his status as such terminated when the safety regulation was violated.

The jury found appellant waived the contractual requirement that written permission and daily authorization be obtained from it before the contractor performed

"hot work". These and certain other findings that appellant had knowledge the contractor was performing "hot work"; and negligence findings necessarily involving such knowledge, are attacked on the grounds there is no evidence to support them.

Analysis of the record shows there is ample evidence to support the findings. We are also unable to sustain appellant's points that these findings are against the great weight and preponderance of the evidence. Consequently it may not be said the invitee status of deceased was destroyed or restricted by the contract. There are eleven findings of negligence and proximate cause against appellant as to which it does not challenge sufficiency of the evidence. These are sufficient under the whole record to sustain the judgment.

Affirmed.