[No. 36754.   Department Two.   May 21, 1964.]

UNION PACIFIC RAILROAD COMPANY, *Respondent*, v. ROSS
TRANSFER COMPANY, *Appellant.*\*

*Leo N. Cashatt* and *Cashatt, Williams, Connelly & Re-kofke,* for appellant.

*Randall B. Kester, H. M. Hamblen,* and *Hamblen, Gilbert & Brooke,* for respondent.

WEAVER, J.—Ross Transfer Company (hereafter called Ross) contracted with Union Pacific Railroad Company (hereafter called the Railroad) to unload piggyback trailers from the Railroad's flatcars.  The contract provided in part:

"Section 5.  The Contractor [Ross] . . . agrees to protect, indemnify and hold harmless the Railroad . . . against any expense . . . that may be suffered or incurred by the Railroad . . . resulting from . . . death of person or persons . . . caused by or resulting in any manner from *any acts or omissions,* negligent or otherwise, *of the Contractor* or any of the Contractor's . . . employees in performing or failing to perform any of the services or duties on the part of the Contractor to be performed hereunder." (Italics ours.)

\*Reported in 392 P. (2d) 450.

While unloading trailers from a flatcar, the driver of the Ross tractor lost control and pushed one trailer against another, crushing to death Robert W. Brooks, an employee of the Railroad, who was working between the two trailers.

After 3 days of trial in an action for wrongful death brought by Brooks's administrator, Ross and the Railroad negotiated a settlement whereby each contributed $20,000 to decedent's administrator. The Railroad reserved all rights of indemnity it might have against Ross under the terms of Section 5 of the contract quoted *supra*.

The Railroad brought this action against Ross to recover the money the Railroad had paid Brooks's administrator in settlement. In the agreed statement of facts the parties stipulated that both were negligent and that their negligence was the proximate cause of Mr. Brooks's death. The trial court held the indemnity section operative and entered a $20,000 judgment against Ross.

The sole issue presented on this appeal is whether the phrase in the indemnity agreement " . . . acts or omissions . . . of the Contractor [Ross] . . . " limits the liability of the indemnitor Ross to exclude liability when both the indemnitor Ross and the indemnitee Railroad are concurrently negligent. We hold that it does not.

The only case from this jurisdiction treating this aspect of indemnity contracts, *Griffiths v. Henry Broderick, Inc.*, 27 Wn. (2d) 901, 182 P. (2d) 18, 175 A.L.R. 1 (1947), held that: (a) it is not against public policy to enter into indemnity agreements indemnifying against one's own negligence; and (b) the indemnity agreement was sufficiently broad to encompass the negligence of indemnitee despite the fact that the agreement did not contain the word "negligence," but only the phrase "any and all loss . . . arising from any cause or for any reason whatsoever."

The court recognized two rules: one relied upon by Ross, the other by the Railroad. Ross asserts that a contract of indemnity will not be construed to indemnify the indemnitee against losses to which his own negligence contributed unless such intention is expressed in unequivocal terms. 27

Am. Jur., Indemnity § 15. On the other hand, the Railroad urges that this court quoted with approval from § 13, p. 462 of the same authority:

" . . . Contracts of indemnity, therefore, must receive a reasonable construction so as to carry out, rather than defeat, the purpose for which they were executed. To this end they should neither, on the one hand, be so narrowly or technically interpreted as to frustrate their obvious design, nor, on the other hand, so loosely or inartificially as to relieve the obligor from a liability within the scope or spirit of their terms."

Counsel have been most diligent in citing to us a plethora of case authority from other jurisdictions. We do not, however, believe that this case can or ought to be resolved by matching this or that case against language which, by its very nature, varies as scriveners vary their modes of expression.

▌ The scope of the indemnity agreement presents the paramount problem. Ross places a narrow and restrictive construction on the words, "from any acts . . . of the Contractor . . . ," urging that if there is anything more —such as concurrent negligence upon the part of the indemnitee—the indemnity agreement is inoperative.

*Humble Oil & Refining Co. v. Wilson*, 339 S.W. (2d) 954 (Tex. 1960), is illustrative of the decisional law relied upon by Ross. The indemnity agreement limited the indemnitor's obligation to losses

" ' . . . in any way resulting from the wilful or negligent acts or omissions of *Contractor's* agents, employees, representatives or subcontractors.' " (Italics ours.)

Indemnity was denied, the court saying:

"Where the indemnity is from loss resulting from the indemnitor's 'negligent acts or omissions,' the dominant weight of authority establishes that the agreement does not cover loss where the indemnitee's negligence concurs in causing the injury. . . ."

Other cases supporting Ross's position are set forth in the margin.[1]

---

[1] *Batson-Cook Co. v. Industrial Steel Erectors*, 257 F. (2d) 410 (C.A. 5th 1958); *Walters v. Rao Elec. Equip. Co.*, 289 N. Y. 57, 43 N.E. (2d)

*Jacksonville Terminal Co. v. Railway Express Agency, Inc.*, 296 F. (2d) 256 (C.A. 5th 1961) is a good example of the decisions relied upon by the Railroad. In allowing recovery under the indemnity contract, the court commented that the reasons given for the cases supporting Ross's contention rest upon an unsound and dangerous foundation.

". . . Apparently, the theory underlying these decisions [denying recovery under the indemnity agreements] is that the assumption of this liability is such an 'unusual' and 'hazardous' undertaking, that there can be no presumption that the indemnitor meant to assume it absent explicit reference to the indemnitee's negligence in the contract.

. . .

" . . .

"It presumes, first of all, that one party's assumption of liability for losses due to another's negligence is an 'unusual' and 'hazardous' undertaking. We cannot agree. In the light of modern conditions, we perceive little justification for so characterizing the indemnitor's obligation. Insurance companies assume this obligation every day, especially in connection with automobile liability policies. And, it is common knowledge that the device of insuring against one's own negligence through indemnity contracts is frequently employed in other business ventures.

"Perhaps more important, even assuming that the burden imposed on the indemnitor is 'unusual' or 'hazardous', the majority rule presumes that courts have the power to alleviate or eliminate this burden by construing the indemnity agreement in a manner which is patently inconsistent with the plain and clear meaning of the language employed by the contracting parties. This is a dangerous and unwarranted extension of the judicial function. If a court feels that a contract imposes an extraordinary liability on one of the parties, it may, in certain instances, pronounce the contract void as being contrary to public policy. But where, as here, a contract does not violate public policy, we have

810, 143 A.L.R. 308 (1942); *Mostyn v. Delaware, L.&W.R. Co.*, 160 F. (2d) 15 (C.C.A. 2nd 1947); *Employers Mut. Liability Ins. Co. v. Griffin Constr. Co.*, 280 S.W. (2d) 179, 53 A.L.R. (2d) 967 (Ky. 1955); *Kansas City Power & Light Co. v. Federal Constr. Corp.*, 351 S.W. (2d) 741 (Mo. 1961); *Employers' Liability Assur. Corp. v. Post & McCord*, 286 N. Y. 254, 36 N.E. (2d) 135 (1941); *United States v. Wallace*, 18 F. (2d) 20 (C.C.A. 9th 1927); *Ocean Acc. & Guarantee Corp., Ltd. v. Jansen*, 203 F. (2d) 682 (C.A. 8th 1953).

no authority to achieve the same result by concluding that the parties did not really mean what the unambiguous language of their agreement imports."

Other cases supporting the Railroad's theory are set forth in the margin.[2]

An additional argument, relied upon heavily by the trial judge in his well-reasoned memorandum opinion, is that, unless the indemnity section of the contract before us be construed to encompass situations wherein both the indemnitee and the indemnitor are negligent, the contractual provision is a useless gesture. We perceive of no other kind of claim for which the Railroad could be indemnified by Ross except one founded in whole or in part upon the Railroad's own negligence. *Southern Pac. Co. v. Morrison-Knudsen Co.*, 216 Ore. 398, 338 P. (2d) 665 (1959); *National Transit Co. v. Davis*, 6 F. (2d) 729 (C.C.A. 3rd 1925).

We prefer interpretation of the contract that gives effective operation to all its language.

For the reasons stated we conclude that the language of the contract applies when the indemnitee and indemnitor are concurrently negligent.

The judgment is affirmed.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.

---

[2]*Payne v. Nat. Transit Co.*, 300 Fed. 411 (D.C. W.D. Pa. 1921); *Booth-Kelly Lbr. Co. v. Southern Pac. Co.*, 183 F. (2d) 902, 20 A.L.R. (2d) 695 (C.A. 9th 1950); *City of Cleveland v. Baltimore & O. R. Co.*, 71 F. (2d) 89 (C.C.A. 6th 1934); *Southern Pac. Co. v. Morrison-Knudsen Co.*, 216 Ore. 398, 338 P. (2d) 665 (1959); *National Transit Co. v. Davis*, 6 F. (2d) 729 (C.C.A. 3rd 1925); *Rice v. Pennsylvania R. Co.*, 202 F. (2d) 861 (C.A. 2nd 1953).