[No. 38792   Department One.   June 15, 1967.]

ERNEST W. COPE, *Plaintiff*, v. J. K. CAMPBELL & ASSOCIATES, LTD., *Appellant*, KAISER ENGINEERS, *Respondent*.*

*Loney, Westland, Koontz & Raekes* and *John A. Westland*, for appellant.

*Gavin, Robinson, Kendrick, Redman & Mays* and *Robert R. Redman*, for respondent.

HALE, J.—Injuries to a workman on a construction project set in motion events raising the question of contractual indemnity among joint tort-feasors. Kaiser Engineers was the prime contractor at Hanford under a construction contract with the Atomic Energy Commission of the United States. J. K. Campbell & Associates was one of the subcontractors. January 18, 1963, Ernest W. Cope, while employed by and working for another subcontractor, sustained injuries when he slipped and fell down a stairway made slippery and dangerous by running water and debris.

Cope, as plaintiff, brought this action against Kaiser En-

*Reported in 429 P.2d 124.

gineers and Campbell. Both defendants negotiated a complete settlement of Mr. Cope's action in the total sum of $15,000, to which each contributed $7,500.

The instant case between Kaiser Engineers and Campbell arose on a stipulation of facts in which the parties agreed that each had been negligent in causing the stairway to become dangerously slippery and that the negligence of each contributed as a proximate cause of Mr. Cope's injuries. It was also agreed in the stipulation that Kaiser, in providing one half of the $15,000 settlement, did not in any way waive or surrender any of its indemnity rights against Campbell.

Kaiser Engineers brought this action against Campbell to recover its $7,500 contribution to the Cope settlement, and for a reasonable attorney's fee under article 36 of the Campbell subcontract, as follows:

> The Subcontractor shall be responsible and liable for, and shall save the Contractor and the Government harmless from all suits, claims and demands of whatsoever kind or nature arising out of or in connection with the work to be performed under this Subcontract; provided, that this article shall not apply to suits, claims or demands solely due to the fault or negligence of the Contractor or Government, or both, or to claims as to which the article herein entitled "Workmen's Compensation" is applicable.

From a $7,500 judgment for Kaiser and an attorney's fee award of $1,750, Campbell now appeals, arguing that, since there is no right of indemnity between joint tort-feasors, an indemnity agreement cannot be read so as to relieve one of responsibility for his active negligence. Only where the negligence of the indemnitee is passive or difficult of discernment, suggests Campbell, should the indemnity agreement be permitted to save him from the consequences of his own negligence. Apart from the judgment granting recovery of the contribution, Campbell makes no issue of the award of the $1,750 attorney's fee.

The facts showed that Kaiser Engineers had negligently installed a fountain at the head of the stairway and care-

lessly allowed water from it to run continuously, keeping the stairway wet; that Campbell's employees had negligently left quantities of construction debris on the stairway, thus adding to, but concealing in some degree, a dangerous condition. In short, Cope's injuries were caused by the concurrent negligence of indemnitee and indemnitor, and the parties so stipulated.

But the case involves primarily matters of contract and not of tort. We are concerned not with whether a contribution can be enforced in tort law between joint tort-feasors, as was the situation in *Duncan v. Judge,* 43 Wn.2d 836, 264 P.2d 865 (1953), but rather with whether one contracting builder may, under the law, enforce a contract of indemnity for losses suffered through the negligence of his employees, agents and subcontractors. Thus, the question of whether one may indemnify himself against his intentional wrongs, as where he volitionally inflicts the injury and asserts as a defense a contract with others to pay the damage, is not before us.

Defendant Campbell argues that, even if one could lawfully indemnify himself against his passive negligence, it would be against public policy to allow him to do so for his active negligence. But, even if this were the rule—a doubtful proposition when one considers the ramifications of casualty insurance—we could not logically apply it here. The careless acts or omissions resulting in water flowing unobtrusively but continuously down a stairway and the throwing upon or failing to remove debris from the same stairway present such an admixture of passive and active negligence that we cannot logically segregate them. In such a situation, differences between active or passive negligence may be impossible to determine and thus are without substance. Accordingly, we do not accept defendant's suggestion that the ultimate liability here must depend on such a distinction.

In *Union Pac. R. R. v. Ross Transfer Co.,* 64 Wn.2d 486, 392 P.2d 450 (1964), a case directly in point and one

we think determinative of the instant case, we described the issue in this language:

> The sole issue presented on this appeal is whether the phrase in the indemnity agreement ". . . acts or omissions . . . of the Contractor [Ross] . . ." limits the liability of the indemnitor Ross to exclude liability when both the indemnitor Ross and the indemnitee Railroad are concurrently negligent. We hold that it does not.

We then upheld a contract of indemnity between the railroad and the transfer company saving the railroad harmless from loss caused by the transfer company's employees. There, as in the instant case, it was agreed that both parties to the indemnity agreement were negligent, and that their negligence was the proximate cause of the injuries. Each contributed $20,000 to a negotiated settlement and discharge of the claim. Our language there, we think determinative here:

> [U]nless the indemnity section of the contract before us be construed to encompass situations wherein both the indemnitee and the indemnitor are negligent, the contractual provision is a useless gesture.

To that observation, we would add that we find no doctrine of public policy which renders unenforceable contracts to indemnify one against the loss sustained by reason of the other's negligence even though the party indemnified may, by his negligence, have contributed to cause the loss or injury.

Affirmed.

FINLEY, C. J., HILL and ROSELLINI, JJ., and LANGENBACH, J. Pro Tem., concur.