[No. 133-40928, 134-40929-2.    Division Two.    May 5, 1970.]

WILLIAM JAMES McCUTCHEON *et al., Appellants,* v. UNITED HOMES CORPORATION, *Respondent.*

DOUGLAS R. FULLER *et al., Appellants,* v. UNITED HOMES CORPORATION, *Respondent.*

*McMullen, Brooke, Knapp & Grenier* and *Robert E. Brooke,* for appellants.

*Elvidge, Veblen, Tewell, Bergmann & Taylor* and *Thomas A. St. Pierre,* for respondent.

**REVIEW GRANTED BY SUPREME COURT**

PETRIE, J.—Two tenants living in an apartment complex instituted independent actions to recover damages for injuries allegedly caused by the landlord's negligent maintenance of common passageways. Tenant McCutcheon alleged injuries from a fall down an unlighted interior stairway. Tenant Fuller alleged injuries when he fell down an exterior wooden stairway. Both tenants had previously signed a lease which contained the following exculpatory clause:

That neither the Lessor, nor his Agent, shall be liable for any injury to Lessee, his family, guests or employees or any other person entering the premises or the building of which the demised premises are a part.

The landlord, in each lawsuit, set up as an affirmative defense the exculpatory provision of the lease and moved for summary judgment. The trial court granted the motions and dismissed the complaints. Both tenants appeal from the

summary judgment and their appeals have been consolidated.

The scope of the exculpatory clause is not questioned because the tenants concede that if the clause is valid, it is an effective bar to their lawsuit. The sole issue presented upon this appeal is the validity of exculpatory clauses appearing within residential lease agreements. Tenants contend that such clauses are void as against the public policy of the state of Washington.

■ The prevailing rule in regards to the validity of exculpatory agreements is succinctly stated in Restatement of Contracts § 574 (1932) at 1079:

> A bargain for exemption from liability for the consequences of negligence not falling greatly below the standard established by law for the protection of others against unreasonable risk of harm, is legal except in the cases stated in § 575.

It is clear that Washington follows the restatement rule. *Broderson v. Rainier Nat'l Park Co.*, 187 Wash. 399, 60 P.2d 234 (1936); *Griffiths v. Henry Broderick, Inc.*, 27 Wn.2d 901, 182 P.2d 18 (1947), wherein the court in each instance declared that the exculpatory agreements in question were not repugnant to this state's public policy. In *Griffiths*, the court cited, and in *Broderson*, the court quoted the above passage from the restatement.

The stated exceptions contained in § 575 of the restatement prohibit contractual exculpation from the consequences of (1) willful breach of duty; (2) simple breach of duty arising out of the employment relationship; and (3) breach of duty by a person charged with a duty of public service.

Most courts, which have been called upon to determine the question, have upheld the validity of exculpatory clauses appearing within residential or apartment lease agreements. *See Eastern Ave. Corp. v. Hughes*, 228 Md. 477, 180 A.2d 486 (1962) and cases and texts cited therein. The relatively few courts which have declared such agreements invalid have done so on the strength of specific legislation,

such as public housing codes, which place affirmative public duties upon landlords. *Feldman v. Stein Bldg. & Lumber Co.,* 6 Mich. App. 180, 148 N.W.2d 544 (1967); *Kuzmiak v. Brookchester, Inc.,* 33 N.J. Super. 575, 111 A.2d 425 (1955). In addition, three states, Maryland,[1] Massachusetts and New York, have enacted specific legislation declaring such agreements to be void. New Hampshire prohibits any waiver of the common law duty of ordinary care. *Papakalos v. Shaka,* 91 N. H. 265, 18 A.2d 377 (1941).

Tenants in the instant case have made no contention that the exculpatory clause contravenes any Washington statute, nor has our attention been called to any such enactment. Tenants do, however, contend that the case of *Thomas v. Housing Auth.,* 71 Wn.2d 69, 426 P.2d 836 (1967) supports their position. Because of the difference in the character and relationship of the parties to the agreement in *Thomas,* that case is not determinative of the issue here presented. The landlord in the *Thomas* case was charged with a statutory public duty of providing safe and sanitary housing for persons of low income. The court therefore held that such a statutory duty could not be waived. This is in accord with the exceptions to the general rule as stated in Restatement of Contracts § 575.

In light of this state's policy of validating exculpatory agreements in general, *Griffiths v. Henry Broderick, Inc., supra,* and in the absence of any legislative expression to the contrary, we can discern no public policy which is violated by the exculpatory clause in question. We view this as an area for distinct concern because of the potentiality for unwarranted abuse, but nevertheless deem this a subject peculiarly appropriate for legislative, rather than judicial, action.

The judgment is affirmed.

ARMSTRONG, C. J., and PEARSON, J., concur.

ARMSTRONG, C. J. (concurring)—I concur in the majority

---

[1] Maryland's prohibitory statute was enacted subsequent to the court's opinion in *Eastern Ave. Corp. v. Hughes, supra.*

opinion because it expresses the rule in the state of Washington as well as the overwhelming authority in our nation.

In my judgment the legislature should consider abolishing exculpatory clauses in leases in at least ghetto and multiple family housing. I recognize there is a disparity in bargaining power in many contracts, but when that disparity is accompanied by the tendency of exculpatory clauses in leases to increase the incidence of uncompensated injury and to discourage incentive for safety precautions which potential liability creates, there is a sound basis for declaring such exculpatory clauses to be contrary to public policy.

---

Petition for rehearing denied June 11, 1970.