[No. 47834–1. En Banc. August 19, 1982.]

DARWIN R. BRAME, *Plaintiff,* v. ST. REGIS PAPER COMPANY, *Defendant,* BAUGH CONSTRUCTION COMPANY, *Appellant,* GENERAL MECHANICAL, INC., *Respondent.*

*Aiken, St. Louis & Siljeg,* by *Charles E. Siljeg* and *Steven Soha,* for appellant.

*Reed, McClure, Moceri & Thonn, P.S.,* by *William R. Hickman,* for respondent.

PEARSON, J.—Baugh Construction Company appeals a summary judgment which held that Baugh was not entitled to indemnification from General Mechanical, Inc., for liability to plaintiff Darwin R. Brame, an employee of General Mechanical. We affirm.

Defendant St. Regis Paper Company engaged Baugh Construction Company as a general contractor to construct a black liquor oxidation facility at the St. Regis plant in Tacoma. Baugh subsequently contracted with General Mechanical, Inc., to furnish all labor, materials, and plant equipment to do underground piping on the project. Brame was injured when he slipped and fell while working for General Mechanical on the construction project.

Brame filed suit against St. Regis and Baugh, alleging that each was negligent in a number of particulars. Baugh impleaded General Mechanical by way of third party complaint, basing its claim solely on an indemnification clause in the Baugh–General Mechanical subcontract. General Mechanical moved for summary judgment of dismissal of all allegations in Baugh's third party complaint, claiming that as a matter of law Baugh had failed to demonstrate it was entitled to indemnification. Baugh similarly moved for partial summary judgment against General Mechanical, claiming it was entitled to indemnification as a matter of law. The Pierce County Superior Court, in a letter opinion, granted General Mechanical summary judgment against Baugh, dismissed General Mechanical from the action, and denied Baugh's motion for summary judgment. The court's reasons were:

1. The indemnity clause was identical to one found to be

unenforceable by this court in *Jones v. Strom Constr. Co.,* 84 Wn.2d 518, 527 P.2d 1115 (1974).

2. The indemnity clause was ambiguous in two respects:

a. It contained no clear expression that General Mechanical waived its immunity under the Industrial Insurance Act. RCW Title 51.

b. It contained no clear expression of intent to indemnify Baugh for the concurrent negligence of Baugh and General Mechanical.

3. There were no allegations of negligence by Baugh against General Mechanical, therefore no issue of fact was created which would prevent summary judgment.

Baugh appealed directly to this court, raising the following issues:

1. Whether an indemnity clause operates as an effective waiver of General Mechanical's employer immunity under the Industrial Insurance Act.

2. Whether RCW 4.24.115, which invalidates an agreement to indemnify against losses arising from the sole negligence of the indemnitee, is unconstitutional by virtue of the manner of its enactment.

3. Assuming RCW 4.24.115 is constitutional, whether the indemnification clause in the Baugh–General Mechanical subcontract violates its provisions.

4. Whether the indemnification clause requires indemnification of Baugh by General Mechanical for losses caused as a result of the injuries to Brame.

Most of the issues proposed by the appellant, in particular the constitutionality of RCW 4.24.115, are irrelevant to this appeal. The crucial issue is: Was the trial court correct in granting summary judgment to the indemnitor when the indemnitee did not allege, and produced no evidence to establish, that the losses were caused by or contributed to by the negligence of the indemnitor?

The indemnity clause at issue on this appeal requires General Mechanical

To indemnify and save harmless the CONTRACTOR [Baugh] from and against any and all suits, claims,

actions, losses, costs, penalties, and damages, of whatsoever kind or nature, including attorney's fees, arising out of, in connection with, or incident to the SUBCONTRACTOR'S [General Mechanical's] performance of this SUBCONTRACT.

This is a standard clause identical to the clause construed by this court in *Jones v. Strom Constr. Co., supra.* In that case, an employee of a subcontractor, Belden, sued the general contractor, Strom. Strom cross–claimed against Belden under the indemnity clause in the subcontract. It was established that the sole cause of the accident was Strom's performance or nonperformance of the contract. The court held that the indemnity clause would operate only if there were an overt act or omission on the part of Belden in its performance of the contract which in some way caused or concurred in causing the loss involved. *Jones v. Strom Constr. Co.*, 84 Wn.2d at 521–22. No such act or omission by Belden was established, and therefore the clause did not operate.

■■ The trial court was, therefore, not entirely correct in stating that *Jones* found the indemnity clause unenforceable. We have stated:

> *Jones* merely limited the scope of such indemnification agreements to those cases in which some activity of the employer contributed to the injury.

*Redford v. Seattle*, 94 Wn.2d 198, 205, 615 P.2d 1285 (1980). The indemnity clause in this case is enforceable if the indemnitee (Baugh) can show some activity of the employer (General Mechanical) which contributed to Brame's injury. However, Baugh did not allege negligence against General Mechanical in any pleadings, or produce evidence that General Mechanical contributed to Brame's injury.

CR 56(c) provides that summary judgment shall be rendered

> if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law.

General Mechanical moved for summary judgment on the basis of an affidavit of the vice-president of General Mechanical, the contract between Baugh and General Mechanical, and a memorandum of authorities. These documents established that Baugh was entitled to indemnity only if some activity of General Mechanical had contributed to Brame's injuries. CR 56(e) describes the response Baugh should have made.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Baugh made no response of this kind. There is no allegation against General Mechanical in any of the pleadings, other than a bare assertion of the indemnity clause. Baugh filed no affidavits or other response. The only reference to the matter anywhere in the record is in the report of the oral argument of the summary judgment motion. This clearly does not rise above the level of mere unsupported allegations. CR 56(e). *LaPlante v. State,* 85 Wn.2d 154, 158, 531 P.2d 299 (1975). Baugh's counsel "suggested" that Baugh be given leave to amend its pleadings and provide supporting affidavits alleging negligence on the part of General Mechanical. No formal motion was made and no objection was taken to the trial court's failure to grant such leave. Summary judgment was therefore proper.

The trial court is affirmed.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, and DIMMICK, JJ., concur.