[No. 11344-5-I.   Division One.   October 31, 1983.]

ROBERT NOIA, ET AL, *Plaintiffs*, v. FERRELL–PENNING, INC., *Respondent*, EXPERT DRYWALL, INC., *Appellant.*

*Reed, McClure, Moceri & Thonn, P.S.,* and *William R. Hickman,* for appellant.

*Richard J. Dunlap,* for respondent.

RINGOLD, J.—This case presents issues as to the validity and scope of a written indemnity agreement. We conclude the agreement is enforceable and requires full indemnification in cases of concurrent negligence, and we affirm the trial court.

Ferrell–Penning, Inc. (Ferrell–Penning), the general contractor for a commercial building project known as the

Shoreline Business and Professional Center, subcontracted with Expert Drywall, Inc. (Expert) to perform stucco and drywall work on the project. Paragraph L of the parties' contract provided:

> The SUBCONTRACTOR agrees to indemnify and save harmless the CONTRACTOR . . . from and against any and all suits, claims, actions, losses, costs, penalties, and damage of whatsoever kind or nature, including attorney fees, arising out of, in connection with, or incident to, the work of this SUBCONTRACT, except that caused by the sole negligence of the CONTRACTOR.

Robert Noia, an employee of Expert, was severely injured when he fell from a scaffolding while working on the project. He brought suit against Ferrell–Penning alleging numerous counts of negligence. Ferrell–Penning impleaded Expert as a third party defendant, claiming it was entitled to indemnification under paragraph L of the parties' contract. Prior to trial, Ferrell–Penning and Expert stipulated they were concurrently negligent in causing Noia's injuries and negotiated a $275,000 settlement with him, reserving the issue of their respective liabilities under the indemnification agreement for trial. Following cross motions for summary judgment, the court held the agreement was enforceable and required Expert to indemnify Ferrell–Penning for the full amount of the settlement.[1] It entered judgment for Ferrell–Penning for $275,000, plus attorney's fees. Expert appeals.

The Industrial Insurance Act, RCW Title 51, immunizes an employer from tort actions arising out of work related injuries to its employees, but does not preclude an employer from voluntarily assuming an independent contractual obligation to indemnify a third party for employee injuries. *Seattle–First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 242, 588 P.2d 1308 (1978). Such agreements are disfavored by Washington law, however, and must clearly express an intent to provide for indemnifica-

---

[1]Expert and Ferrell–Penning stipulated that Expert paid Noia the settlement sum after the court rendered its oral ruling.

tion. *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 886, 652 P.2d 948 (1982). Relative to a construction contract, the permissible reach of an indemnification agreement is also limited by RCW 4.24.115, which prevents an indemnitee from recovering damages resulting from its "sole negligence." The indemnity agreement considered here excludes from its provisions Ferrell–Penning's sole negligence and thus does not violate the statute.

■ Expert argues, however, that the agreement is unenforceable because it contains neither an express waiver of industrial insurance immunity nor an express provision for indemnity when the parties are concurrently negligent. These arguments are foreclosed by two recent decisions of the State Supreme Court. In *Redford v. Seattle,* 94 Wn.2d 198, 200, 615 P.2d 1285 (1980), the indemnity clause under consideration provided, in relevant part:

> 1. Contractor [employer] assumes the risk of all damage, loss, cost and expense, and agrees to indemnify and hold harmless Jorgensen . . . from and against any and all liability . . . which may accrue to or be sustained by Jorgensen . . . on account of any claim, suit or action made or brought against Jorgensen . . . for the death of or injury to persons or destruction of property involving Contractor, its employees . . . sustained in connection with performance of the Purchase Order . . . *except negligence and willful misconduct of Jorgensen* or its employees acting within the scope of their employment. . . .

The court enforced the agreement, rejecting the employer's arguments that it did not operate in cases of concurrent negligence and was precluded by the "no waiver" provisions of the Industrial Insurance Act. In *Brame v. St. Regis Paper Co.,* 97 Wn.2d 748, 750–51, 649 P.2d 836 (1982), the indemnity clause at issue required the employer, General Mechanical,

> To indemnify and save harmless the CONTRACTOR [Baugh] from and against any and all suits, claims, actions, losses, costs, penalties, and damages, of whatsoever kind or nature, including attorney's fees, arising out of, in connection with, or incident to the SUBCON-

TRACTOR'S [General Mechanical's] performance of this SUBCONTRACT.

The trial court refused to enforce the agreement on the ground that it was identical to one found unenforceable in *Jones v. Strom Constr. Co.,* 84 Wn.2d 518, 527 P.2d 1115 (1974). The Supreme Court disagreed:

> The trial court was, therefore, not entirely correct in stating that *Jones* found the indemnity clause unenforceable. We have stated:
>> *Jones* merely limited the scope of such indemnification agreements to those cases in which some activity of the employer contributed to the injury.
>
> *Redford v. Seattle,* 94 Wn.2d 198, 205, 615 P.2d 1285 (1980). The indemnity clause in this case *is enforceable* if the indemnitee (Baugh) can show some activity of the employer (General Mechanical) which contributed to Brame's injury.

(Italics ours.) *Brame,* at 751. *Redford* and *Brame* demonstrate that neither an express waiver of industrial insurance immunity nor an express provision for concurrent negligence is required to create an enforceable contractual right to indemnity. The agreement need only clearly express an intent to provide for indemnification. *See Glass v. Stahl Specialty Co., supra.* We conclude the agreement at issue here sufficiently expresses Expert's intent to indemnify Ferrell–Penning in cases of concurrent negligence.

■ Finally, Expert contends that if the agreement is enforceable, it should be interpreted to exclude indemnification for that portion of the loss caused by Ferrell–Penning's negligence. Expert relies upon *Redford v. Seattle, supra.* The indemnity agreement in *Redford* excluded liability for all negligence of the indemnitee. The Supreme Court found this language had no effect on the situations in which the clause would operate, but required apportionment of liability based on the parties' relative fault in cases of concurrent negligence. Unlike the indemnity agreement in *Redford,* the one at issue here excludes liability only for the indemnitee's *sole* negligence. It in no way purports to require apportionment based on relative fault when the

parties are concurrently negligent. Public policy does not preclude full indemnification in cases of concurrent negligence. *See Cope v. J.K. Campbell & Assocs.,* 71 Wn.2d 453, 429 P.2d 124 (1967). The trial court did not err in ordering Expert to indemnify Ferrell–Penning for the full amount of Noia's claim.

The judgment is affirmed.

WILLIAMS and CORBETT, JJ., concur.

Reconsideration denied January 17, 1984.

Remanded by Supreme Court to the Court of Appeals September 7, 1984.