[No. 11218-0-I. Division One. January 5, 1984.]

ARNOLD G. JONES, *Appellant,* v. ROBERT E. BAYLEY CONSTRUCTION COMPANY, INC., ET AL, *Respondents.*

*Ronald C. Kinsey, Jr.,* and *Richard M. Holt,* for appellant.

*Thomas V. Harris, Merrick, Hofstedt & Lindsey, Steven M. Appelo, Jean M. Johnson,* and *Reed, McClure, Moceri & Thonn, P.S.,* for respondents.

CORBETT, A.C.J.—Appellant, Arnold G. Jones (Jones) appeals the judgment of dismissal entered after a defense verdict in favor of respondent, Robert E. Bayley Construction Company, Inc. (Bayley). Bayley cross–appeals the order granting a summary judgment of dismissal to Stanley Roofing Company (Stanley), the cross respondent.

Bayley was the general contractor for construction of a store and warehouse. Stanley was the roofing subcontractor. Jones, an employee of Stanley, was injured on the job. He brought this action against Bayley, alleging that the jobsite was unsafe as a result of Bayley's negligence. Bayley brought a third party action against Stanley seeking indemnification pursuant to a written agreement. Prior to trial, Stanley was granted a summary judgment of dismissal of the third party complaint. The trial resulted in a defense verdict in favor of Bayley. Jones assigns error to a number of evidentiary and instructional rulings by the trial judge. Bayley assigns error to dismissal of its cross claim for indemnity.

Because the trial court failed to instruct the jury on the nondelegable duty of a general contractor to provide a safe workplace, we reverse and remand for a new trial. With respect to the cross appeal, we find that a disputed issue of material fact existed, and that the indemnity clause was not invalid as a matter of law. Therefore, the order granting summary judgment is set aside and the cross claim reinstated.

Jones fell through one of the skylight holes while he was working as a roofer, causing his injuries. When and how the plywood cover was taken off the hole was disputed. Bayley moved to exclude evidence of safety violations found by an inspector for the Department of Labor and Industries before the accident. Jones assigns error to the exclusion of this evidence, contending that it was relevant to establish a pattern of conduct whereby Bayley failed to adhere to minimum safety requirements.

 The relevancy of evidence is a matter within the discretion of the trial court. *Lamborn v. Phillips Pac. Chem. Co.*, 89 Wn.2d 701, 706, 575 P.2d 215 (1978). The violations were not related to the skylight holes and were corrected before Jones began work on the job. The trial court did not err in refusing the evidence of prior safety violations.

Jones also assigns error to the trial court's failure to give

a proposed instruction concerning a Department of Labor and Industries safety standard unrelated to skylight holes. Breach of this standard would be only remotely relevant. The trial court did not abuse its discretion by refusing the instruction.

Bayley moved in limine to exclude evidence of the accident report that was prepared by Stanley after the accident. The trial judge reserved ruling. Jones now assigns error to failure to admit the report. Jones neither referred to the report, nor offered it as an exhibit, so the court did not have an opportunity to rule on admissibility during the trial. Error cannot be assigned to such a tentative ruling of the trial court. *State v. Austin,* 34 Wn. App. 625, 627, 662 P.2d 872, *review granted,* 100 Wn.2d 1008 (1983); *Fenimore v. Donald M. Drake Constr. Co.,* 87 Wn.2d 85, 91–92, 549 P.2d 483 (1976).

Jones next assigns error to admission of testimony by a Bayley employee as to a conversation he overheard between Bayley's superintendent and Stanley's foreman. The objection at the trial was nonspecific, so the issue was not preserved for appellate review. *State v. Boast,* 87 Wn.2d 447, 451, 553 P.2d 1322 (1976). Additionally, Bayley's superintendent later testified to the same conversation without objection. Assuming, without deciding, that the testimony of the Bayley employee was inadmissible hearsay, the error was harmless. "Error in the admission of evidence is without prejudice when the same facts are established by other evidence." *Feldmiller v. Olson,* 75 Wn.2d 322, 325, 450 P.2d 816 (1969).[1]

Jones requested the following instruction:

---

[1]Jones states in his brief:

During the course of the trial a number of vicarious statements were admitted by the court which were against the interest of plaintiff Jones. (e.g., RP page 317) The clear impression of the jury was that these statements were to be taken against the interest of Jones, even though some were rank hearsay. (Evidence Rules, ER 802) None should have been admitted.

The only instance of admission of such statements cited was addressed above and we will not search the record to determine if there were other such instances.

Any acts or omission or statement of the superintendent or foreman of Stanley Construction Company is not binding upon the plaintiff, Arnold Jones.

No authority is cited for the instruction. Bayley was entitled to offer proof that the workplace was safe and that it used ordinary and reasonable care to provide such safety. Relevant acts or statements by the foreman of Stanley tending to establish safety of the workplace, if otherwise admissible, would be properly considered by the jury. Bayley did not argue that Jones was bound by statements of the Stanley employees. The instruction was not based upon the evidence and tended to be misleading. Because the proposed instruction was incorrect in part, it was properly refused by the trial court. *Crossen v. Skagit Cy.*, 100 Wn.2d 355, 360, 669 P.2d 1244 (1983).

▪ Jones sought to elicit testimony that after he fell, Bayley cut the skylight covers to fit, thereby eliminating the need to remove them. He assigns error to the trial court's refusal to admit this testimony. Generally, evidence of post–accident safety precautions is not admissible. *Haysom v. Coleman Lantern Co.*, 89 Wn.2d 474, 482, 573 P.2d 785, 93 A.L.R.3d 86 (1978). Where feasibility is disputed, evidence of subsequent change is admissible. *Brown v. Quick Mix Co.*, 75 Wn.2d 833, 838–39, 454 P.2d 205 (1969). Although before trial Bayley admitted feasibility of the change and dominion and control to make the change, Bayley elicited testimony at trial that placed these issues in dispute. The evidence was, therefore, admissible. Bayley's superintendent testified on direct that Stanley's foreman told him the covers would have to be removed even if they were cut to fit. Stanley's foreman denied the conversation. Evidence of the subsequent change was also admissible to impeach the testimony of Bayley's superintendent. *Haysom v. Coleman Lantern Co., supra* at 484.

▪ Jones next assigns error to the trial court's refusal to give the following proposed instruction, based on WPIC 12.04:

There may be more than one proximate cause of the

same occurrence. If you find that the defendant was negligent and that such negligence was a proximate cause of the injuries of Arnold G. Jones, it is not a defense that some other cause or the act of some other person who is not a party to this lawsuit may also have been a proximate cause.

The trial court refused to give the instruction, evidently believing that the following instruction, based on WPIC 15.01, was adequate:

The term "proximate cause" means a cause which [sic] a direct sequence, unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of the same occurrence.

This latter instruction properly advised the jury that there may be more than one proximate cause of an injury, but it did not inform them that the act of another person does not excuse the defendant's negligence unless the other party's negligence was the sole proximate cause of the plaintiff's injuries. The failure to give a properly requested, adequate instruction concerning proximate cause is error. *Brashear v. Puget Sound Power & Light Co.*, 100 Wn.2d 204, 208, 667 P.2d 78 (1983). In this case, however, the jury determined by special verdict that Bayley was not negligent, so they did not reach the issue of proximate cause. The error was, therefore, harmless.

■ Jones finally assigns error to failure to give the following proposed instruction:

The defendant cannot delegate its duty to furnish a safe place to work for the employees of subcontractors.

Bayley, as general contractor, had a nondelegable duty to provide a reasonably safe workplace for Stanley's employees. *Kelley v. Howard S. Wright Constr. Co.*, 90 Wn.2d 323, 333, 582 P.2d 500 (1978). The court instructed the jury that every employer has the duty to furnish a safe workplace. This general instruction, however, did not permit Jones to argue his theory that the general contractor has a special, nondelegable duty distinct from the duty of Jones'

employer, Stanley. The proposed instruction was supported by the evidence and was not cumulative. It was prejudicial error for the trial court to refuse the instruction. Jones is entitled to a new trial.

## Cross Appeal

The contract between Bayley and Stanley provided, in pertinent part:

> (L) Indemnification.
> The Subcontractor agrees to indemnify and save harmless the Contractor, its officers, agent and employees, from and against any and all suits, claims, actions, losses, costs, penalties, and damage of whatsoever kind or nature, including attorney fees, arising out of, in connection with, or incident to, the work of this Subcontract, except that caused by the sole negligence of the Contractor. In the event of litigation between the parties to enforce the rights under this paragraph, reasonable attorney fees shall be allowed to the prevailing party.

Before trial, Stanley moved for summary judgment of dismissal of Bayley's cross claim for indemnification, arguing that the clause was unenforceable as a matter of law. The civil motions judge heard and granted the motion.

■ Although the Industrial Insurance Act, RCW Title 51, immunizes an employer from tort actions arising out of work–related injuries to its employees, it does not preclude an employer from voluntarily assuming an independent contractual obligation to defend and indemnify a third party for employee injuries. *Seattle–First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 242, 588 P.2d 1308 (1978).

> [T]he Washington industrial insurance act does not prevent the employer from contracting with a third party in a manner that creates the possibility of contractual liability for an employee's injuries that would be precluded as a matter of tort law by RCW 51.04.010 and .060.

*Redford v. Seattle*, 94 Wn.2d 198, 204, 615 P.2d 1285 (1980). However, such agreements are disfavored, and the Legislature has codified this disfavor in RCW 4.24.115, which precludes indemnification for liability arising from

the *sole* negligence of the indemnitee in construction contracts. Clause L specifically excludes indemnification for Bayley's sole negligence, so it does not violate this statute. Beyond this legislative limitation, indemnity clauses are subject to the fundamental rules of contractual construction. *Jones v. Strom Constr. Co.*, 84 Wn.2d 518, 520, 527 P.2d 1115 (1974). We are reluctant to add further limits where parties of equal bargaining power have allocated the risks arising out of performance of the subcontract. *See Jones v. Strom Constr. Co., supra* at 521. Public policy requires that an intent to waive the employer's immunity be clearly expressed. *Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 886, 652 P.2d 948 (1982); *Calkins v. Lorain Div. of Koehring Co.*, 26 Wn. App. 206, 209, 613 P.2d 143 (1980). However, an express waiver of immunity is not required to create an enforceable contractual right to indemnity. *Noia v. Ferrell–Penning, Inc.*, 36 Wn. App. 13, 16, 671 P.2d 790 (1983). "The agreement need only clearly express an intent to provide for indemnification." *Noia v. Ferrell–Penning, Inc., supra.* Clause L clearly expresses an intent to provide for indemnification.

Generally, the obligation to indemnify does not arise until the employer (Stanley) is shown to have engaged in conduct which contributed to the injury. *Brame v. St. Regis Paper Co.*, 97 Wn.2d 748, 751, 649 P.2d 836 (1982); *Jones v. Strom Constr. Co., supra* at 521. It is undisputed that Jones' injury was one "arising out of, in connection with, or incident to, the work of [the] SUBCONTRACT". An express provision for concurrent negligence is not required. *Noia v. Ferrell–Penning, Inc., supra* at 16. Clause L must be read to cover concurrent negligence, a theory supported by disputed facts. A disputed issue of a material fact existed[2] and the clause was not invalid as a matter of law. The granting of summary judgment by the motion judge was, therefore, prejudicial error and must be set aside.

---

[2]For purposes of the summary judgment motion, Stanley conceded that there were disputed issues of fact.

Reversed and remanded for new trial. The summary judgment dismissing the cross claim for indemnity is reversed and the cross claim reinstated.

WILLIAMS and RINGOLD, JJ., concur.

Reconsideration denied March 6, 1984.

Remanded by Supreme Court to the Court of Appeals September 7, 1984.