[No. 22235-7-III.  Division Three.  April 27, 2004.]

MARLENE NAUROTH, *Appellant*, v. SPOKANE COUNTY, ET AL., *Respondents*.

*David J. Carlson*, for appellant.
*Robert B. Binger*, for respondents.

SWEENEY, A.C.J. — Washington's recreational use statutes (RCW 4.24.200 and .210) confer immunity on landowners who open property for recreational use. And a landowner so insulated may be held liable only for known dangerous artificial latent conditions. Marlene Nauroth injured herself on a rustic staircase maintained by Spokane County (County) in a public park. She sued but made no showing that the dangerous condition of the steps was actually known to the County. We therefore affirm the trial judge's summary dismissal of her damage action.

## FACTS

We review a summary dismissal here. So we accept as true Ms. Nauroth's version of the facts. CR 56(c); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

Plantes Ferry Park in Spokane County is open to the public for recreational use at no charge. Ms. Nauroth slipped on a poorly maintained stairway in the park and twisted her ankle. At the time of her fall, Ms. Nauroth was taking photographs of family members posing above her at the top the stairs.

The steps are constructed from sections of six-by-six-inch lumber (railroad ties). The steps were installed in the early 1980s and replaced in the early 1990s. Ms. Nauroth slipped on a step with a worn edge and an accumulation of pine needles. An 11-foot section of handrail at the point of Ms. Nauroth's accident was missing. The post was weathered at the point where the handrail should attach, suggesting that the handrail had been missing for some time. An overgrown bush hid the dangerous conditions from the top of the stairs. The County was aware of ongoing vandalism at the park and knew that wooden handrails were sometimes removed and burned for firewood.

Ms. Nauroth sued, claiming negligent construction, maintenance, and repair of the stairs. She furnished affidavits and photographs as evidence that County employees

must have discovered the condition of the stairs while maintaining the restroom at the foot of the stairs.

The County claimed immunity under the recreational use statute (RCW 4.24.200) and moved for summary judgment. The County presented uncontroverted evidence that 15 employees maintain the County's 23 community parks, 5 regional parks, 16 conservation areas, and 7 special use properties, totaling over 8,000 acres. The County presented unrebutted affidavits attesting that maintenance crews rarely used the disputed stairs because maintenance of the restrooms required equipment and supplies to be transported to the site via an access road below the restrooms.

The court summarily dismissed Ms. Nauroth's complaint.

## DISCUSSION

■ Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Chamberlain v. Dep't of Transp.*, 79 Wn. App. 212, 215, 901 P.2d 344 (1995). We review questions of law de novo. *Id*. And we may resolve disputed questions of fact as a matter of law if reasonable minds could reach but one conclusion. *Id*. (citing *Ruff v. County of King*, 125 Wn.2d 697, 704, 887 P.2d 886 (1995)).

■■ The recreational use statute encourages landowners to open recreation areas to the public without fear of liability for unintentional injuries. RCW 4.24.200; *Van Dinter v. City of Kennewick*, 121 Wn.2d 38, 42, 846 P.2d 522 (1993). The statute limits the liability of landowners who hold their property open without charge to the public for recreational use. They are not liable for unintentional injuries. RCW 4.24.200, .210. The landowner may be held liable, however, if a fee is charged, if the injury is intentional, or if a "known dangerous artificial latent condition" exists and conspicuous warning signs are not posted. Former RCW 4.24.210(3) (1997); *Tabak v. State*, 73 Wn. App. 691, 695, 870 P.2d 1014 (1994).

Here, the County is a landowner. The park was open to the public free of charge for recreational use. The condition of the steps was dangerous. And no warning signs were posted. The dispositive issue is, then, whether the Plantes Ferry Park steps constituted a dangerous artificial condition that was (a) known and (b) latent. Former RCW 4.24.210(3).

▮▮ To establish the "known" element, a plaintiff must prove actual knowledge on the part of the landowner. *Tabak*, 73 Wn. App. at 696. The plaintiff must "come forward with evidentiary facts from which a trier of fact could reasonably infer actual knowledge, by a preponderance of the evidence." *Id.* Actual knowledge may be established by circumstantial evidence. *Id.*

In *Tabak*, the plaintiff produced the landowner's deposition testimony that he had actual knowledge of the condition that resulted in the plaintiff's fall. *Id.* His later testimony that he repaired this condition and had no knowledge that further repairs were required created an issue of fact precluding summary judgment. *Id.*

Ms. Nauroth presented no evidence of actual knowledge. She did not contradict the County's evidence that no prior complaints or claims of injury had been made concerning these steps. On appeal, she contends that Robert Hughes, the County's Parks Maintenance Manager, attested that park personnel regularly used the steps to reach the restrooms below. But Mr. Hughes said that crews "rarely (maybe once a year)" used the stairs. Clerk's Papers at 68.

Ms. Nauroth has produced no evidence to dispute that maintenance crews rarely used the stairs because maintenance of the restrooms required equipment and supplies to be transported to the site via an access road below the restrooms. She instead asserts that the County must have had actual knowledge because the condition was obvious from her photographs and affidavits and because the restrooms were located at the bottom of the steps.

The County first made a showing negating the knowledge element. And Ms. Nauroth failed to contradict that showing

394

and thereby establish the existence of a genuine issue of material fact. *Brame v. St. Regis Paper Co.*, 97 Wn.2d 748, 752, 649 P.2d 836 (1982).

The trial court correctly dismissed this case. CR 56(c); *Wilson*, 98 Wn.2d at 437.

We affirm.

KURTZ and BROWN, JJ., concur.